

# Fourth Court of Appeals
## San Antonio, Texas

August 21, 2018

No. 04-17-00808-CV

Daniel **CRISP**,
Appellant

v.

Ismael **CLAY**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI10107
Honorable Angelica Jimenez, Judge Presiding

# O R D E R

This is an appeal from an enforcement order rendered against appellant Daniel Crisp. On December 11, 2017, the trial court signed an "Order Enforcing Prior Turnover Order," requiring Crisp, the sole signatory on a certain TD Ameritrade account, to wire $406,917.50 to a receiver that had been appointed in a previously rendered turnover order in favor of appellees, Ismael Clay, Joshua Kennedy, Matthew Arneson, Arthur Charles, Samone Drake, Phillip Erbe, Christopher Ramos, Christopher Rochon, Elric Thomas, Jimmie Walden, Jorge Garza, and Christopher Buza.

During the pendency of this appeal, Crisp filed a "Motion to Abate Appeal," requesting this court to abate this appeal because he had filed a "Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)" in federal court. Crisp stated his motion for relief challenged an underlying federal judgment upon which the turnover order and enforcement order are based. In his request for an abatement, Crisp indicated his motion for relief was set for a hearing before Magistrate Judge Bemporad on May 7, 2018. We therefore granted Crisp's motion to abate and ordered the appeal abated pending resolution of any action relating to the "Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)" filed by Crisp in Cause No. SA-17-CA-279-FB (HJB), *Clay v. Mcanear and Crisp*. We further ordered the parties to notify this court with a status update regarding the motion for relief on or before June 18, 2018.

On June 18, 2018, Crisp filed a status report, indicating Judge Bemporad issued a Report and Recommendations, stating the motion for relief would be denied. In his report, he also

indicated the parties could file objections to the report on or before June 25, 2018. Crisp stated he intended to file objections, and after the objections were filed, the federal court would make its final determination as to the motion.

On July 12, 2018, we again ordered the parties to notify this court with a status update regarding the objections and final determination as to the motion for relief on or before July 23, 2018. On July 23, 2018, Crisp filed a second status report, informing this court that he filed objections to the report issued by Judge Bemporad, and the objections remained pending before Judge Bemporad. Thereafter, appellees filed a status report and motion to reinstate appeal, asking this court to reinstate the appeal. In their motion, appellees acknowledge Crisp filed objections to Judge Bemporad's report, but emphasize Judge Bemporad denied Crisp's motion for relief in his report. Appellees point to Judge Bemporad's finding that Crisp's testimony at the motion for relief hearing was "utterly lacking in credibility," arguing the finding indicates Crisp's objections will most likely be denied. In response, Crisp argues appellees' motion to reinstate the appeal should be denied because again if his objections are granted and his motion for relief is granted, then this appeal becomes moot.

After consideration of the foregoing, we **DENY** appellees' motion to reinstate the appeal and **ORDER** the parties to notify this court with Judge Bemporad's ruling regarding the objections and final determination as to the motion for relief **on or before 10 days after he renders a ruling.**

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of August, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court